UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 1:16-CV-21893-DPG

DAWN JORDAN, JENNIFER GONZALEZ, and
AIDILIY MIZRACHI, on behalf of themselves
and all others similarly situated,

        Plaintiffs,

vs.

SOUTH FLORIDA RACING ASSOCIATION, LLC
d/b/a HIALEAH PARK CASINO, A Florida
Corporation,

        Defendant.
_____/

**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT, CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS, APPOINTMENT OF PLAINTIFFS' COUNSEL AS CLASS COUNSEL, AND APPROVAL OF THE PROPOSED NOTICE OF <u>CLASS ACTION SETTLEMENT PROCEDURE</u>**

The above-entitled matter came before the Court on Plaintiffs' Motion for Preliminary Approval of Settlement, Conditional Certification of the Settlement Class, Appointment of Plaintiffs' Counsel as Class Counsel, and Approval of the Proposed Notice of Settlement and Class Settlement Procedure ("Motion for Preliminary Approval") [DE 24]. Defendant agrees, for settlement purposes only, not to oppose the motion.

        **I.**        **Preliminary Approval of the Settlement**

        1.        Based upon the Court's review of the Plaintiffs' Memorandum of Law in Support of the Motion for Preliminary Approval, the Affidavits of Chad E. Levy and Christopher J. Whitelock, and all other papers submitted in connection with Plaintiffs' Motion for Preliminary Approval, the Court grants preliminary approval of the settlement memorialized in the Joint Stipulation of Class Action Settlement Agreement and Release between Plaintiffs, DAWN

JORDAN, JENNIFER GONZALEZ, and AIDILIY MIZRACHI, and Defendant, SOUTH FLORIDA RACING ASSOCIATION, LLC, D/B/A d/b/a HIALEAH PARK CASINO ("Settlement Agreement"). The Court preliminarily approves the Settlement Agreement and orders all parties to perform in accordance with the terms of the Settlement Agreement and this Order.

2. District courts are given discretion to certify a class under Rule 23 of the Federal Rules of Civil Procedure, *Cooper v. S. Co.*, 390 F.3d 695, 711 (11th Cir. 2004). In exercising this discretion, courts should give weight to the parties' consensual decision to settle class action cases, because they and their counsel are in unique positions to assess the potential risks. *See Clark v. Ecolab*, *Inc.*, No. 07 Civ. 8623(PAC), 2009 WL 6615729, at *3 (S.D.N.Y. Nov. 27, 2009); *In re Nissan Motor Corp. Antitrust Litig.*, 552 F.2d 1088, 1105 (5th Cir. 1977) ("Settlement agreements are highly favored in the law and will be upheld whenever possible because they are a means of amicably resolving doubts and uncertainties and preventing lawsuits.").

3. Preliminary approval, which is what Plaintiffs seek here, is the first step in the settlement process. It simply allows notice to issue to the class and for Class Members to object to or opt-out of the settlement. After the notice period, the Court will be able to evaluate the settlement with the benefit of the Class Members' input. *See* Alba Conte & Herbert B. Newberg, *Newberg on Class Actions*, § 11.25 (4th ed. 2002) ("If the preliminary evaluation of the proposed settlement does not disclose grounds to doubt its fairness or other obvious deficiencies ... and appears to fall within the range of possible approval, the court should direct that" notice issue and should schedule a final approval hearing.") (citation omitted); *see also see Encarnacion v. J.W. Lee, Inc.*, No. 14-CIV-61927-DIMITROULEAS (S.D. Fla. June 30, 2015), ECF No. 65 (Order Granting Plaintiffs' Motion for Preliminary Approval of Settlement).

4. Preliminary approval of a settlement agreement requires only an "initial evaluation" of the fairness of the proposed settlement on the basis of the written submissions. *Clark*, 2009 WL 6615729, at *3 (citations omitted). "A proposed settlement should be preliminarily approved if it is 'within the range of possible approval' or, in other words, [if] there is 'probable cause' to notify the class of the proposed settlement." *Fresco v. Auto Data Direct, Inc.*, No. 03–61063–CIV, 2007 WL 2330895, at *7 (S.D. Fla. May 14, 2007) (internal quotation omitted).

5. Here, the Court concludes that the proposed Settlement Agreement is within the range of possible final settlement approval, such that notice to the class of the proposed settlement is appropriate. In this regard, it appears that Defendant has valid defenses to Plaintiffs' claims, including that Defendant properly operated its tip pool, particularly from and after May 1, 2014.

6. The Court finds that the Settlement Agreement is the result of extensive, arms-length negotiations by counsel well-versed in the prosecution of wage and hour and class and collective actions. "Clearly, [such] settlements, especially in class actions, are to be encouraged." *Florida Power Corp. v. Granlund*, 82 F.R.D. 690, 693 (M.D. Fla. 1979).

**II.     Conditional Certification of the Proposed Rule 23 Settlement Class**

7. Provisional settlement class certification and appointment of class counsel have several practical purposes, including avoiding the costs of litigating class status while facilitating a global settlement, ensuring notification of all class members of the terms of the proposed Settlement Agreement, and setting the date and time of the final approval hearing. *See In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 790-92 (3d Cir. 1995) (discussing the advantages of certifying class for settlement purposes).

8. For settlement purposes only, the Court provisionally certifies the following class under Federal Rule of Civil Procedure 23(e), without prejudice to the parties if the Court does not finally approve the settlement or if the settlement otherwise does not take effect ("Settlement Class"):

**All individuals who worked as Poker Dealers for Defendant at any time from June 1, 2013 through the date of mailing of the Class Notice of this action and the proposed settlement.**

9. For settlement purposes only, Plaintiffs meet all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3).

10. Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(1) because there are approximately 100 Class members and thus, joinder is impracticable. *See Kilgo v. Bowman Trans.,* 789 F.2d 859, 878 (11th Cir. 1986) (numerosity satisfied where plaintiffs identified at least 31 class members).

11. Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(2) because they and the class members share common issues of fact and law, including whether Defendants failed to pay proper minimum wages in violation of federal and state wage and hour laws as a result of Defendant's tip-pool practice. *See Williams v. Mohawk Industries, Inc.,* 568 F.3d 1350, 1355 (11th Cir. 2009) ("[C]ommonality requires that there be at least one issue whose resolution will affect all or a significant number of the putative class members.") (internal quotation marks omitted); *see also Fabricant v. Sears Roebuck,* 202 F.R.D. 310, 313 (S.D. Fla. 2001) (same).

12. Plaintiffs' claims are typical of the Settlement Class for purposes of this settlement because they concern the same alleged pay policies and practices of Defendant, arise from the same legal theories, and allege the same types of harm and entitlement to relief. Therefore, Rule 23(a)(3) is satisfied. *See Kornberg v. Carnival Cruise Lines, Inc.,* 741 F.2d 1332, 1337 (11th Cir. 1984) (typicality satisfied where claims "arise from the same event or

pattern or practice and are based on the same legal theory"); *Murray v. Auslander,* 244 F.3d 807, 811 (11th Cir. 2001) (named plaintiffs are typical of the class where they "possess the same interest and suffer the same injury as the class members").

13. Rule 23(a)(4) is satisfied here because there are no conflicts of interest between the Plaintiffs and the Settlement Class, and Plaintiffs have retained competent counsel to represent them and the Settlement Class. Class Counsel here regularly engages in wage and hour litigation in regards to poker rooms, and has dedicated substantial resources to the prosecution of the action. Moreover, the Plaintiffs and Class Counsel have vigorously and competently represented the Settlement Class Members' interests in the Action. *See Lyons v. Georgia-Pacific Corp. Salaried Employees Ret. Plan,* 221 F.3d 1235, 1253 (11th Cir. 2000).

14. Therefore, Plaintiffs and Plaintiffs' Counsel, Chad E. Levy of the Law Offices of Levy & Levy, P.A. ("L&L"), and Christopher J. Whitelock of Whitelock & Associates, P.A. ("W&A") meet Rule 23(a)(4)'s adequacy requirement.

15. Rule 23(b)(3) is satisfied for settlement purposes, as well, because the common legal and alleged factual issues here predominate over individualized issues, and resolution of the common issues for as many as 100 Settlement Class Members in a single, coordinated proceeding is superior to potentially 100 individual lawsuits addressing the same legal and factual issues. *See Sacred Heart Health Sys., Inc.* v. *Humana Military Healthcare Servs., Inc.,* 601 F.3d 1159, 1170 (11th Cir. 2010) (internal quotation marks omitted); *see also In re Checking Account Overdraft Litig.,* No. 1:10-MD-02036-JLK, 2012 WL 4173458, at *3 (S.D. Fla. Sept. 19, 2012).

### III. Appointment of Plaintiffs' Counsel as Class Counsel

16. For settlement purposes only, the Court appoints Chad E. Levy of L&L and Christopher J. Whitelock of Whitelock & Associates, P.A of W&A ("Plaintiffs' Counsel") as

Class Counsel because they meet all of the requirements of Federal Rule of Civil Procedure 23(g).

17. Plaintiffs' Counsel did substantial work identifying, investigating, prosecuting, and settling Plaintiffs' and Class Members' claims.

18. Levy, L&L, Whitelock, and W&A have significant experience in litigating and settling large wage and hour litigations.

19. The work that Plaintiffs' Counsel has performed both in litigating and settling this case demonstrates their skill and commitment to representing the class's interests.

**IV.　Notice**

20. The Court approves the Proposed Notice of Proposed Settlement of Class Action, which is attached as Exhibit 1-A, and directs its distribution to the Class.

21. The content of the Rule 23 Notice fully complies with due process and Federal Rule of Civil Procedure 23.

22. Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), a notice must provide:

> the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort.  The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

23. The Rule 23 Notice satisfies each of these requirements and adequately puts Class Members on notice of the proposed settlement. *See, e.g., In re Michael Milken & Assocs. Sec. Litig.*, 150 F.R.D. 57, 60 (S.D.N.Y. 1993) (class notice "need only describe the terms of the settlement generally"). The Rule 23 Notice is also appropriate because it describes the terms of the settlement, informs the class about the allocation of attorneys' fees, and provides specific information regarding the date, time, and place of the final approval hearing.

24. The Court also approves the Claim form and the Opt Out form attached as Exhibits "1-A" and "1-C", respectively, to the Motion for Preliminary Approval.

**V.   Class Action Settlement Procedure**

25. The Court hereby adopts the following settlement procedure:

    a.   The Court appoints Chad E. Levy of the Law Offices of Levy & Levy, P.A., and Christopher J. Whitelock of Whitelock & Associates, P.A., as Class Counsel.

    b.   Within 14 calendar days of the date of this Order, Defendant will provide Class Counsel a searchable Excel spreadsheet containing the following information:

(a) Each Putative Class Member's legal name;

(b) Each Putative Class Member's last known address; and

(c) The hours each Putative Class Member worked during the Claim period.

    c.   Within fourteen (14) days of the receipt of the Putative Class Member information, Class Counsel shall mail the Class Notice, the Claim Form and the Opt Out Form to each Putative Class

        Member via First Class United States mail, postage prepaid, using each individual's last known address as recorded in Defendant's records and provided pursuant to Section 6.1. Further, Defendant is authorized, at its discretion, to also provide a copy of the Class Notice to those Putative Class Members who are still employed by Defendant;

d.    Class Members will have 60 days from the date the Notice is mailed/published to join in or opt out of the settlement or object to it;

e.    The Court will hold a final fairness hearing on April 27, 2017, at 9:30 a.m. at the Wilkie D. Ferguson, Jr. United States Courthouse, 400 North Miami Avenue, Room 11-1, Miami, Florida, 33128, before U.S. District Judge Darrin Gayles.

f.    Plaintiff will file a Motion for Final Approval of Settlement no later than 14 days before the fairness hearing;

g.    If the Court Grants Plaintiffs' Motion for Final Approval of the Settlement, the Court will issue a Final Order and Judgment. If no party appeals the Court's Final Order and Judgment, the "Effective Date" of the settlement will be the day after the deadline for filing an appeal has passed;

h.    If rehearing, reconsideration or appellate review is sought, the "Effective Date" shall be the day after all motions and appeals are resolved in favor of final approval;

i. Defendant will fund the settlement, based on the Effective Date, by remitting Class Counsel's attorneys' fees and costs, the amount needed to pay valid claims, plus the other specified costs and expenses, including Service Payments, pursuant to the schedule outlined in section 4.4 of the Settlement Agreement;

j. The parties shall abide by all terms of the Settlement Agreement.

k. If the Court does not finally approve the Settlement Agreement or the Settlement Agreement otherwise does not become effective, this Order shall be vacated, void, and of no force and effect, and cannot be used against Defendant in any future proceedings; the class shall be decertified; the Settlement Agreement shall likewise be of no force and effect and shall not constitute any admission by Defendant; and the parties shall be restored to their respective positions existing immediately prior to the Court's entry of this Order, such that this action shall not be certified as a class action, and Defendant will not have waived any procedural or substantive defenses.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 21st day of December, 2016.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE