UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 1:16-CV-21893-DPG

DAWN JORDAN, JENNIFER GONZALEZ, and
AIDILIY MIZRACHI, on behalf of themselves
and all others similarly situated,

      Plaintiffs,

vs.

SOUTH FLORIDA RACING ASSOCIATION, LLC
d/b/a HIALEAH PARK CASINO, A Florida
Corporation,

      Defendant.

_____/

## AFFIDAVIT OF CHRISTOPHER J. WHITELOCK IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT, APPROVAL OF SERVICE AWARDS, AND APPROVAL OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

STATE OF FLORIDA

COUNTY OF BROWARD

    I, Christopher J. Whitelock, being first duly sworn, depose and state that I am over eighteen years of age, that I am sui juris and that I make this affidavit from personal knowledge. I further state as follows:

    1.    I am an attorney licensed to practice law in the State of Florida and in the United States District Court for the Southern District of Florida. I have been licensed to practice law since 1995.

    2.    I am a managing partner in the firm of Whitelock & Associates, P.A.

    3.    I am lead co-counsel for the Plaintiff in the above-captioned action. Along with

Chad E. Levy, Esq. of Levy & Levy, P.A., my firm was primarily responsible for the litigation on behalf of the Plaintiffs, and the proposed settlement class. Given both Mr. Levy and my experience in tip-pool related poker room cases, our firms successfully worked together in investigating, litigating, and ultimately settling the claims in this case.

4. Neither, Whitelock & Associates, P.A. nor Levy & Levy, P.A., have received compensation for the services we have rendered in this case, from any source.

5. I am the principal of Whitelock & Associates, P.A. and I have been practicing law for over twenty (20) years. My firm primarily engages in defense litigation but I have handled over 100 cases related to wage and hour tip pool litigation which has consisted of representing thousands of poker dealers across the State of Florida. These actions have consisted, in part, of collective or "class" actions under the FLSA.

6. These actions included numerous <u>Wajcman et.al. v. Investment Corporation of Palm Beach</u>, Case No.: 07-CIV-80912-JMH, where Mr. Levy and I represented all collective action poker dealer plaintiffs through trial, rendering a verdict on behalf of the Plaintiffs.

7. Based upon the <u>Wajcman</u> matter, case law was established in the tip pool, casino-type industry in Florida, and elsewhere. This action ensured, in part, that tip pools in this industry were provided a standard for compliance.

8. In this matter, during the pre-suit investigation, and based upon a prior lawsuit that was resolved against this same poker room, <u>Baez v. Hialeah Park</u>, CASE NO. 1:14-cv-20156, I was able to determine the potential violations of FLSA and state laws which could be recoverable on behalf of my client.

9. Examining these specific circumstances, I had a clear understanding of the issues that

would arise in this matter, including the Plaintiffs' allegations and claims, and the Defendant's anticipated defenses. Although poker room establishments often vigorously defend these types of actions, the decision was made by the Plaintiffs and accepted by myself and Levy & Levy, P.A. to proceed forward on this lawsuit.

10. Plaintiff, JORDAN commenced this case by filing her Complaint on May 25, 2016 [D.E. 1].

11. Thereafter, Plaintiff, MIZRACHI and Plaintiff, GONZALEZ filed claims, and the Plaintiffs decided to proceed forward on behalf of a class. An Amended Class and Collective Action Complaint was consequently filed on September 27, 2016, in which class action claims were added under the Florida Constitution ("FMWA") [D.E. 19], which was the same day a Notice of Settlement had been filed [D.E. 20].

12. During this four-month period, the Parties engaged in extensive discussions regarding resolution of this matter on a class-wide basis, and ultimately agreed on the settlement at hand.

13. Through this process, I have obtained through my own investigation and from Defendant's disclosures, information regarding the tip-pool at issue, the employees sharing tips in the tip-pool, the notice provisions provided to the employees on the tip-pool, the hours worked for the class members, and other documentation demonstrating what changes the Defendant implemented to ensure compliance with the FLSA as of June of 2014.

14. Many of the key facts identified during my investigation were memorialized through written representations given by the Defendant in the class settlement agreement itself, and such were further memorialized by a declaration provided by Defendant's corporate representative.

15. Based upon the above investigation and communications, I was able to determine that

the possible liability in this case would be from the opening of Defendant during July, 2013, through May of 2014. This is based upon information regarding the manner in which the tip-pool has been operated over time, the relevant policies and procedures of Defendant, payroll records regarding the number of hours worked during the class period, and adjustments and classifications made to the operation of the tip pool to ensure compliance with the FLSA and FMWA, certain of which were made as a result of the Baez lawsuit filed against the Defendant in January of 2014.

16. The compliance adjustments included the Defendant clarifying the job responsibilities of all employees that were eligible to participate in the tip-pool to ensure the participants all qualified as tipped employees, which in part ensured that any employee that was receiving tips from the tip-pool received at least $30.00 per month in tips as is required pursuant to 29 USC 203(t) and 29 CFR 531.51.

17. As a result of these implementations, I am satisfied that, as of April of 2014, the Defendant has ensured its compliance with the requirements of the FLSA and the FMWA as to the tip-pool at issue.

18. After extensive negotiations, the Parties reached a settlement in principle, on a class-wide basis, regarding all claims in this matter. *See* D.E. 20 (Notice of Settlement).

19. The Plaintiffs were involved in these negotiations, fully considered the advantages and disadvantages of a settlement, and ultimately decided that the class settlement terms offered were fair and in the best interest of the class.

20. After lengthy additional negotiations and numerous conferences between the Parties, this Agreement was finalized and the terms are set forth in the Formal Joint Stipulation of Class Action Settlement Agreement and Release, which is being submitted and presented to the Court for

approval. *See* Settlement Agreement, attached as Ex. 1 to D.E. 25.

21. On November 18, 2016, the Plaintiffs filed an Unopposed Motion for Preliminary Approval of Settlement, Conditional Certification of the Settlement Class, Appointment of Plaintiffs' Counsel as Class Counsel, and Approval of the Proposed Notice of Settlement and Class Action Settlement Procedure and Memorandum in Support (hereinafter, the "Motion for Preliminary Approval"). *See* D.E. 25.

22. The Motion for Preliminary Approval was granted on December 22, 2016. *See* D.E. 27, and provided the administration of the settlement process for this matter.

23. As part of this process, Defendant provided a list of one hundred fourteen (114) poker dealers which constituted the current and former poker dealers that worked from June of 2013 through the date the notices were submitted.

24. On January 11, 2017, notice packets were sent to the potential class members provided by the Defendant. *See* D.E. 28. Each of these Members were sent an appropriate Class Notice, Claim Form, and Opt-Out Form as part of the settlement procedures proposed by the Parties.

25. The Notice Period concluded on March 13, 2017.

26. For this class, no class member has objected to the settlement, twenty-seven (27) class members opted in, and two (2) class members have excluded themselves.

27. Administrating class settlements require substantial and ongoing commitment and this firm remains willing to discharge this obligation to conclude this matter. Specifically, when the Notices were mailed, Class Counsel and Staff responded to inquiries from potential Class Members, and Class Counsel also expects, as a matter of experience, that there will be additional inquiries from Class Members in the event of a final approval.

28.     Based upon the Settlement Agreement, the Defendant has agreed to create a settlement fund of up to one hundred thousand dollars and 00/100 ($100,000.00) ("the Fund"). *See* Settlement Agreement, ¶4.11. The Fund will cover awards to the class members, the attorneys' fees and costs, and the service payments to the Plaintiffs.

29.     Class Members who did not opt out of the settlement will release all Florida wage and hour claims that were brought in the litigation or that are based on the same facts and circumstances as the claims in the litigation. *See* Settlement Agreement, ¶5.1.

30.     In addition to releasing these wage and hour claims, all Class Members, including Plaintiffs, who timely submitted a claim will release their FLSA claims. *See* Settlement Agreement, ¶5.1.

31.     Participating Class Members who did not timely submit a claim form will release their Florida wage and hour claims. *See* Settlement Agreement, ¶5.1.

32.     However, the Parties do not agree with respect to whether Participating Class Members who did not timely submit a claim form will release their FLSA claims. Plaintiffs assert that such Participating Class Members FLSA claims are not released. Defendant has cited authority arguing that such Participating Class Members FLSA claims are released.

33.     Rather than allow this disagreement over a point of law prevent a settlement, the Settlement Agreement provides that Defendant expressly reserves the right to contend in future proceedings that such Participating Class Members are barred from pursuing FLSA claims against the Defendant based on hours which occurred during the Claim Period covered by the Settlement Agreement, and such Participating Class Members expressly reserve their right to oppose said contention by the Defendants. *See* Settlement Agreement, ¶5.1.

34. The Rule 23 class consists of those current and former poker dealers for the Defendant at any time during the period from July 1, 2013 to January 11, 2017 (the date of notice was sent out), except those who opted out.

35. Class members who timely submitted claim forms, and consented to join this class, will be paid pursuant to the allocation formula based on each Class Members' number of hours worked during the applicable time period, and compensated according to the percentage of the total hours worked by the Class Members who opt-in. *See* Settlement Agreement, ¶4.1.2.

36. The amounts to be paid from the total available to the class of $37,000.00, is attached herein as Exhibit 1-A, and a Form W2 shall be issued by Defendant to Plaintiffs and the Class Members, as required by law, reflecting the respective payments made. *See* Settlement Agreement, ¶4.6.

37. My firm and Levy & Levy, P.A. are applying for thirty-three percent (33.0%) of the Fund as attorneys' fees and costs ($33,000.00). *See* Settlement Agreement, ¶4.3. Plaintiffs' counsel has sought approval of their attorneys' fees and costs along with their Motion for Final Approval of the Class Action Settlement, and Defendant does not object and otherwise considers this amount fair and reasonable.

38. In addition to the individual awards under the allocation formula, *supra*, Plaintiffs, all of whom actively participated in the Litigation, have applied for additional payments in recognition of the services rendered on behalf of the class ("Service Payments"). *See* Settlement Agreement, ¶4.4.

39. Given that the Settlement Class Representatives undertook risk, and participated in the resolution of this claim, the service payments are fair and reasonable and should be awarded, and

the Defendant additionally agrees that the payments are fair and reasonable.

_____
CHRISTOPHER J. WHITELOCK

STATE OF FLORIDA )
) SS:
COUNTY OF BROWARD )

BEFORE ME, the undersigned authority, personally appeared CHRISTOPHER J. WHITELOCK, who being first duly sworn, deposes and says on oath that he has read the foregoing Affidavit consisting of _____ pages, subscribed to by him, and that the matters therein contained are true and correct to the best of his knowledge and belief.

SWORN TO AND SUBSCRIBED before me this 26 day of April, 2017.

**ELISA LOPEZ**
Notary Public - State of Florida
Commission # FF 956471
My Comm. Expires Feb 2, 2020

_____
NOTARY PUBLIC, State of Florida

Personally Known ✓ OR Produced Identification _____
Type of Identification Produced _____

# Hialeah Park Casino Poker Dealers' Class Action Settlement

| | | |
|---|---|---|
| Settlement | $ | 34,173.00 |
| ER Taxes | $ | 2,827.73 |
| **Total Amount** | $ | 37,000.73 |

(Ratio per hour worked) $ 0.397

| Employees | Sum of Total Worked Hours | Settlement per Member | Employee Taxes | Total Compensation | Target Referenced Dates |
|---|---|---|---|---|---|
| Agudelo, Carlo Mario | 804.96 | $ 319.82 | $ 32.03 | $ 287.79 | 07/22/13 - 01/12/14 |
| Barone, Steven | 1,968.35 | $ 782.05 | $ 99.20 | $ 682.85 | 07/05/13 - 09/29/14 |
| Batista, Steven Julio | 2,957.04 | $ 1,174.87 | $ 211.54 | $ 963.33 | 07/22/13 - 01/11/17 |
| Buckland, Lawreen | 3,972.49 | $ 1,578.33 | $ 329.32 | $ 1,249.01 | 07/22/13 - 01/06/17 |
| Cadillac, Dominique Noel | 388.18 | $ 154.23 | $ 18.38 | $ 135.85 | 08/02/14 - 10/07/14 |
| Cubas Caballero, Gina | 1,379.27 | $ 548.00 | $ 56.73 | $ 491.27 | 11/07/15 - 11/06/16 |
| Dejoie, Ralph | 5,919.01 | $ 2,351.71 | $ 581.83 | $ 1,769.88 | 07/25/13 - 11/18/16 |
| Ferrin, Jose Alejandro | 1,951.85 | $ 775.50 | $ 144.44 | $ 631.06 | 07/22/13 - 07/20/14 |
| Gallo, Daniela | 770.15 | $ 305.99 | $ 45.16 | $ 260.83 | 06/03/15 - 12/09/15 |
| Goldberg, Grigoriy Markovich | 1,000.05 | $ 397.33 | $ 45.70 | $ 351.63 | 07/15/13 - 07/06/14 |
| Gonzalez, Jennifer | 4,020.04 | $ 1,597.22 | $ 283.84 | $ 1,313.38 | 07/22/13 - 12/02/15 |
| Grandez, Giovanna | 6,100.89 | $ 2,423.97 | $ 566.47 | $ 1,857.50 | 07/15/13 - 01/11/17 |
| Hernandez, Juan | 4,381.82 | $ 1,740.96 | $ 285.19 | $ 1,455.77 | 07/22/13 - 11/13/15 |
| Hernandez, Yeyny | 3,665.43 | $ 1,456.33 | $ 197.36 | $ 1,258.97 | 07/22/13 - 11/23/15 |
| Jordan Goguen, Dawn | 4,085.19 | $ 1,623.11 | $ 503.94 | $ 1,119.17 | 07/22/13 - 03/08/16 |
| Labeach, Jeffrey Neil | 3,540.67 | $ 1,406.76 | $ 287.43 | $ 1,119.33 | 07/15/13 - 09/18/15 |
| Mizrachi, Aidiliy Lily | 3,142.94 | $ 1,248.74 | $ 140.40 | $ 1,108.34 | 07/25/13 - 03/30/16 |
| Moreda, Anthony | 4,893.98 | $ 1,944.45 | $ 331.28 | $ 1,613.17 | 07/15/13 - 01/11/17 |
| Palacios Villaran, Idania | 5,363.41 | $ 2,130.96 | $ 373.53 | $ 1,757.43 | 07/15/13 - 01/11/17 |
| Peralta, Bryan | 2,394.02 | $ 951.18 | $ 184.24 | $ 766.94 | 04/30/15 - 01/11/17 |
| Perez, Yandert Ricardo | 5,702.08 | $ 2,265.52 | $ 553.68 | $ 1,711.84 | 09/03/13 - 01/11/17 |
| Rodriguez, Bryan Michael | 1,289.63 | $ 512.39 | $ 50.44 | $ 461.95 | 03/13/15 - 02/01/16 |
| Salcedo Niebles, Alexander Rafael | 759.58 | $ 301.79 | $ 23.09 | $ 278.70 | 01/29/16 - 08/18/16 |
| Sequeira, Karen Maria | 6,308.74 | $ 2,506.55 | $ 593.44 | $ 1,913.11 | 07/22/13 - 01/11/17 |
| Stash, Shannon | 13.50 | $ 5.36 | $ 0.41 | $ 4.95 | 07/15/13 - 07/26/13 |
| Toussaint, Edward Walter | 6,283.02 | $ 2,496.33 | $ 551.15 | $ 1,945.18 | 08/16/13 - 01/11/17 |
| Umana, Francisco | 2,953.67 | $ 1,173.54 | $ 111.56 | $ 1,061.98 | 03/21/14 - 11/24/16 |
| **Grand Total** | **86,009.96** | **$ 34,173.00** | **$ 6,601.78** | **$ 27,571.22** | |
| **Total Class Members** | **27** | | | | |

EXHIBIT 1-A



PAYMASTER

South Florida Racing Association, LLC (SCCT)

## Payroll Pay Statements

| Employee Id | First Name | Last Name | Type | Status | Calc Status | # | Pay Stub Note | Pay Date | Gross | Deductions (EE) | Taxes (EE) | Net Payment | # Errors | # Warnings |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 0374 | Carlo Mario | Agudelo | Regular | Open | Done | | | 04/21/2017 | $319.82 | - | $32.03 | $287.79 | | |
| 0337 | Steven | Barone | Regular | Open | Done | | | 04/21/2017 | $782.05 | - | $99.20 | $682.85 | | |
| 0375 | Steven Julio | Batista | Regular | Open | Done | | | 04/21/2017 | $1,174.87 | - | $211.54 | $963.33 | | |
| 0370 | Lawreen | Buckland | Regular | Open | Done | | | 04/21/2017 | $1,578.33 | - | $329.32 | $1,249.01 | | |
| 0653 | Dominique Noel | Cadillac | Regular | Open | Done | | | 04/21/2017 | $154.23 | - | $18.38 | $135.85 | | |
| 0287 | Gina | Cubas Caballero | Regular | Open | Done | | | 04/21/2017 | $548.00 | - | $56.73 | $491.27 | | |
| 0400 | Ralph | Dejoie | Regular | Open | Done | | | 04/21/2017 | $2,351.71 | - | $581.83 | $1,769.88 | | |
| 0397 | Jose Alejandro | Ferrin | Regular | Open | Done | | | 04/21/2017 | $775.50 | - | $144.44 | $631.06 | | |
| 0295 | Daniela | Gallo | Regular | Open | Done | | | 04/21/2017 | $305.99 | - | $45.16 | $260.83 | | |
| 0355 | Grigoriy Markovich | Goldberg | Regular | Open | Done | | | 04/21/2017 | $397.33 | - | $45.70 | $351.63 | | |
| 0378 | Jennifer | Gonzalez | Regular | Open | Done | | | 04/21/2017 | $1,597.22 | - | $283.84 | $1,313.38 | | |
| 0356 | Giovanna | Grandez | Regular | Open | Done | | | 04/21/2017 | $2,423.97 | - | $566.47 | $1,857.50 | | |
| 0380 | Yeyny | Hernandez | Regular | Open | Done | | | 04/21/2017 | $1,456.33 | - | $197.36 | $1,258.97 | | |
| 0379 | Juan | Hernandez | Regular | Open | Done | | | 04/21/2017 | $1,740.96 | - | $285.19 | $1,455.77 | | |
| 0382 | Dawn | Jordan Goguen | Regular | Open | Done | | | 04/21/2017 | $1,623.11 | - | $503.94 | $1,119.17 | | |
| 0383 | Jeffrey Neil | Labeach | Regular | Open | Done | | | 04/21/2017 | $1,406.76 | - | $287.43 | $1,119.33 | | |
| 0396 | Aidily Lily | Mizrachi | Regular | Open | Done | | | 04/21/2017 | $1,248.74 | - | $140.40 | $1,108.34 | | |
| 0327 | Anthony | Moreda | Regular | Open | Done | | | 04/21/2017 | $1,944.45 | - | $331.28 | $1,613.17 | | |
| 0328 | Idania | Palacios Villaran | Regular | Open | Done | | | 04/21/2017 | $2,130.96 | - | $373.53 | $1,757.43 | | |
| 0195 | Bryan | Peralta | Regular | Open | Done | | | 04/21/2017 | $951.18 | - | $184.24 | $766.94 | | |
| 0438 | Yandert Ricardo | Perez | Regular | Open | Done | | | 04/21/2017 | $2,265.52 | - | $553.68 | $1,711.84 | | |
| 0789 | Bryan Michael | Rodriguez | Regular | Open | Done | | | 04/21/2017 | $512.39 | - | $50.44 | $461.95 | | |
| 0956 | Alexander Rafael | Salcedo Niebles | Regular | Open | Done | | | 04/21/2017 | $301.79 | - | $23.09 | $278.70 | | |
| 0390 | Karen Maria | Sequeira | Regular | Open | Done | | | 04/21/2017 | $2,506.55 | - | $593.44 | $1,913.11 | | |
| 0331 | Shannon | Stash | Regular | Open | Done | | | 04/21/2017 | $5.36 | - | $0.41 | $4.95 | | |
| 0412 | Edward Walter | Toussaint | Regular | Open | Done | | | 04/21/2017 | $2,496.33 | - | $551.15 | $1,945.18 | | |
| 0556 | Francisco | Umana | Regular | Open | Done | | | 04/21/2017 | $1,173.54 | - | $111.56 | $1,061.98 | | |
| **Report Total** | | | | | | | | | **$34,172.99** | - | **$6,601.78** | **$27,571.21** | | |

Sorted By: Last Name Ascending
Filtered By: Employee Filter: All Employees

PayMaster
P: 561-735-9969, F: 561-731-1856
payrolls@paymaster.net


PAYMASTER

Generated: 04/13/2017 10:07a
Generated By: Ariday Paz-Narbona
Page 1 of 1



South Florida Racing Association, LLC (Default)

# Payroll Register (By Pay Statements)
## Payroll Register by Home Department

Payroll Status: Not Finalized
Payroll: Supplemental 04/21/2017

## Report Total

### # of EE's - 27 / # of Statements - 27

| Pay Type | Hrs | Rate | Amt | YTD Hrs | YTD Amt | Deduction | EE Amt | EE YTD | ER Amt | ER YTD | Taxes | Amt | YTD Amt | Net Pay | Amt | YTD Amt |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Charge Tips | . | . | . | . | 105,507.23 | Accident Pret | . | 342.56 | . | . | FIT | 3,987.53 | 22,578.87 | Direct Depo | 14,896.84 | 115,240.41 |
| Holiday | . | . | . | 40.00 | 298.48 | Colonial STD | . | 54.81 | . | . | FICA | 2,118.71 | 10,170.13 | Check | 12,674.37 | 12,674.37 |
| Personal | . | . | . | 16.00 | 86.56 | Critical Illnes | . | 112.81 | . | . | MEDI | 495.54 | 2,378.53 | Totals: | 27,571.21 | 127,914.78 |
| Poker Add- | . | . | . | . | 1,907.03 | Dental HMO | . | 173.46 | . | . | Totals: | 6,601.78 | 35,127.53 | | | |
| Regular | . | . | . | 3557.25 | 23,755.48 | Dental PPO P | . | 355.53 | . | . | FUTA | 102.47 | 480.11 | | | |
| Retro Pay | . | . | . | . | 71.36 | Hospital/Conf | . | 355.60 | . | . | FICA | 2,118.71 | 10,170.13 | | | |
| Sick | . | . | . | 44.50 | 373.12 | LTD | . | 16.10 | . | . | MEDI | 495.54 | 2,378.53 | | | |
| Tip Minimu | . | 34,172.99 | . | . | 34,172.99 | Medical HMO | . | 1,112.12 | 574.62 | 3,447.72 | SUTA:FL | 111.01 | 520.12 | | | |
| Vacation | . | . | . | 120.00 | 813.36 | Medical POS | . | 548.22 | 339.40 | 2,036.40 | ER Totals: | 2,827.73 | 13,548.89 | | | |
| Totals: | . | 34,172.99 | . | 3777.75 | 166,985.61 | Prudential ST | . | 7.24 | . | . | All Totals: | 9,429.51 | 48,676.42 | | | |
| | | | | | | Shortage De | . | 728.00 | . | . | | | | | | |
| | | | | | | Vision Pretax | . | 63.56 | . | . | | | | | | |
| | | | | | | Voluntary EE | . | 73.29 | . | . | | | | | | |
| | | | | | | Totals: | . | 3,943.30 | 914.02 | 5,484.12 | | | | | | |



Grouped By: Default Branch/Department
Sorted By: Last, First Name Ascending
Filtered By: Employee Filter: All Employees

PayMaster
P: 561-735-9969, F: 561-731-1856
payrolls@paymaster.net

Generated: 04/13/2017 10:08a
Generated By: Ariday Paz-Narbona
Page 8 of 8