UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 1:16-CV-21893

DAWN JORDAN, JENNIFER GONZALEZ, and
AIDILIY MIZRACHI, on behalf of themselves
and all others similarly situated,

      Plaintiffs,

vs.

SOUTH FLORIDA RACING ASSOCIATION, LLC
d/b/a HIALEAH PARK CASINO, A Florida limited
liability company,

      Defendant.
_____/

### [PROPOSED] ORDER AND JUDGMENT GRANTING MOTION FOR FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT, APPROVAL OF SERVICE AWARDS, AND APPROVAL OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

This case comes before the Court on Plaintiffs' Motion for Final Approval of the Class Action Settlement and Approval of Service Awards, and Incorporated Memorandum of law in Support ("Motion for Final Approval") and Plaintiffs' motion for Approval of Attorneys' Fees and Reimbursement of Expenses ("Motion for Fees."). The Court held a final fairness hearing on May 10, 2017 (the "Fairness Hearing") concerning the Motion for Final Approval and the parties' Joint Stipulation of Class Action Settlement Agreement and Release ("Settlement Agreement"), which the Court previously preliminarily approved.

In this case, Plaintiffs allege that Defendant owns and/or operates a poker room at which the class members worked as poker dealers during the relevant class period (June of 2013 through January 11, 2017 (which was the date notice of this action was provided to all class

1

members) (the "Class Period")).  In this lawsuit (also referred to as the "Litigation"), Plaintiffs allege that the Defendant operated a noncompliant tip pool wherein tips were shared impermissibly with non-tipped employees thereby invalidating the tip pool, for purposing of calculating minimum wage, thus requiring the Plaintiffs and class members to receive the applicable minimum wage for all hours worked without regard to tips received under the FLSA and the Florida Minimum Wage Act, Fla. Stat. § 448.110, *et seq.* ("FMWA").  *See* D.E. 19 (Plaintiff's First Amended Class/Collective Action Complaint).

Defendant maintains that Plaintiffs were part of a lawful tip pool and that no tips were shared with non-tipped employees.  Specifically, the Defendant asserted and continues to assert that they have substantial defenses to Plaintiffs' claims, including in part, (1) that the tip-pool was valid, including during the entire Claim Period; and (2) Defendant cannot be found to have committed "willful" violations and therefore liquidated damages are not available.

### A. Procedural History

Named Plaintiff Dawn Jordan commenced this case by filing her Complaint on May 25, 2016.  *See* D.E. 1.  Thereafter, two other named Plaintiffs joined and filed an Amended Class/Collective Action Complaint on September 27, 2016, in which class action claims under the Florida Constitution ("FMWA") were included.  *See* D.E. 19.  Prior to this amendment however, the parties engaged in extensive, detailed discussions regarding resolution of this matter on a class-wide basis.  Commencing on June 27, 2016, the Parties engaged in extensive resolution efforts as well as the review of pertinent documentation, and a legal analysis of the tip pool and associated regulations.  After lengthy additional negotiations and further conferences, the Parties reduced their agreement to the Settlement Agreement.

On November 18, 2016, the Plaintiffs filed an Unopposed Motion for Preliminary Approval of Settlement, Conditional Certification of the Settlement Class, Appointment of Plaintiffs' Counsel as Class Counsel, and Approval of the Proposed Notice of Settlement and Class Action Settlement Procedure and Memorandum of Law in Support (the "Motion for Preliminary Approval", *see* D.E. 25, which this Court granted by Order dated December 22, 2016.  *See* D.E. 27.

### B. Discovery

While the parties did not engage in formal discovery *per se*, Class Counsel has obtained, through their own investigation and from Defendant's informal, voluntary disclosures, information regarding the tip pool at issue and the legality of its implementation under both Federal and Florida law, as well as information regarding the members of the putative class and the number of hours worked by poker dealers during the Class Period.

### C. The Class Received Adequate Notice

On December 22, 2016, the Court took the first step in the settlement approval process when it granted preliminary approval of the settlement and directed that notice be mailed to Class Members.  *See* D.E. 27.

On January 11, 2017, Class Counsel mailed the Class Notice, the Claim Form, and the Opt-Out Form to 114 class members for whom Defendant provided addresses.  To be considered timely, all Completed Claim Forms, Opt-Out Forms and objected had to be postmarked by March 12, 2017.  This date was clearly stated in the Class Notice.

As of the Fairness Hearing on May 10, 2017, assuming all such postmarked submissions had been received, no member has objected to the settlement, twenty-seven (27) class members

3

have opted in and made valid claims (approximately 24%) and two (2) class members have excluded themselves (approximately 1.8%).

### D. Final Approval is Warranted

Having considered the Motion for Final Approval, the supporting memorandum of law, the Affidavit of Christopher J. Whitelock, Esq., and exhibits thereto; the oral arguments presented at the Fairness Hearing; and the complete record in this matter, for the reasons set forth therein and stated on the record at the Fairness Hearing and for good cause shown,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED, THAT:**

1. This Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used in this Final Judgment shall have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein.

2. The Court certifies the Rule 23 and FLSA Classes for purposes of the settlement.

3. This Court approves the Settlement Agreement and all terms set forth in the Settlement Agreement and finds that the Settlement Agreement meets the requirements of Rule 23 and the FLSA. The Settlement Agreement is, in all respects, fair, reasonable, adequate, not a product of collusion, and the resolution of a bona fide dispute. *See* Fed. R. Civ. P. 23(e); *see also Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1250 (11th Cir. 1982).

4. The $100,000.00 Settlement Payment is substantial and includes meaningful payments to Class Members. In reaching this conclusion, the Court is satisfied that the settlement was fairly and honestly negotiated. It was the result of vigorous arm's length negotiations, which were undertaken in good faith by counsel with extensive experience in litigation wage and hour class actions, and serious questions of law and fact exist such that the

value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation.  *See In re U.S. Oil & Gas Litig.,* 967 F.2d 489, 493 (11th Cir. 1992) (noting that "[p]ublic policy strongly favors the pretrial settlement of class action lawsuits.").

5.     The parties' judgment that the settlement is fair and reasonable, as well as the Class's favorable response to the settlement, weigh in favor of final approval of the settlement. *See, e.g., Francisco v. Numismatic Guar. Corp. of Am.*, 2008 WL 649124, at *12 (S.D. Fla. 2008) ("A low percentage of objections will confirm the reasonableness of a settlement and support its approval.") (citing *Stoetzner v. United States Steel Corp.*, 897 F.2d 115, 118-119 (3d Cir. 1990); *Perez v. Asurion Corp.*, 501 F. Supp. 2d 1360, 1381 (S.D. Fla. 2007) ("A low percentage of objections demonstrates the reasonableness of a settlement.").

6.     The Court therefore approves the Settlement Agreement and enters Judgment in accordance with the Settlement Agreement.  Upon the Effective Date of the Settlement, each Participating Class Member shall release all Florida state law claims asserted in this lawsuit, along with all other claims arising out of or relating to the same alleged conduct and attorneys' fees and costs to date related to such claims, all as set forth in the Settlement Agreement.

7.     All Qualified Class Members additionally forever and fully release all FLSA claims asserted in this lawsuit, including all FLSA claims for unpaid overtime wages, liquidated damages and attorneys' fees and costs related to such claims.

8.     This Court awards Class Counsel 33.0% of the Settlement Payment, or $33,000 as attorneys' fees and costs and expenses incurred in this Litigation, to be paid from the Settlement Payment as set forth in the Settlement Agreement.

9.      The Court finds that the amount of fees requested is fair and reasonable using the "percentage of recovery method," which is consistent with the dictates of the Eleventh Circuit. *Camden I Condominium Ass'n v. Dunkle*, 946 F.2d 768, 771 (11th Cir. 1991); *In re Sunbeam Sec. Litig.,* 176 F. Supp. 2d 1323, 1333 (S.D. Fla. 2001).

10.     Class Counsel's request for 33.0% of the Settlement Payment is also consistent with the trend in this Circuit.  *See, Seghroughni v. Advantus Rest. Inc.,* No. No. 8:12–cv–2000–T–23TBM, 2015 WL 2255278, at *1 (M.D. Fla. May 13, 2015) ("An attorney's fee … which is one-third of the settlement fund … is fair and reasonable in light of the results obtained by the Lead Counsel, the risks associated with this action, the Lead Counsel's ability and experience in class action litigation, and fee awards in comparable cases."); *Wolff v. Cash 4 Titles*, No. 03–22778–CIV, 2012 WL 5290155, at *4 (S.D Fla. Sept. 26, 2012) ("One-third of the recovery is considered standard in a contingency fee agreement."); *Hosier v. Mattress Firm, Inc.*, No. 3:10–cv–294–J–32JRK, 2012 WL 2813960, at *4 (M.D. Fla. June 8, 2012) (approving a common fund FLSA settlement which provided 30% of the common fund for attorneys' fees and costs); *Morefield v. NoteWorld, LLC*, Nos. 1:10–CV–00117, 1:11–CV–00029, 2012 WL 1355573, at *5 (S.D. Ga. Apr. 18, 2012) (class settlement approved with 33 1/3 of the common fund payable as attorneys' fees); *Atkinson v. Wal-Mart Stres, Inc.*, No. 8:08–CV–691–T–30TBM, 2011 WL 6846747, at *6 (M.D. Fla. Dec. 29, 2011) (approving class settlement with one-third of maximum common fund apportioned as attorneys' fees); *Gutter v. E.I. DuPont De Nemours & Co.*, No. 1:95-cv-02152-ASG, D.E. 626 at 7 (S.D. Fla. May 30, 2003) (awarding class counsel 33.3% of the Settlement Fund as attorneys' fees ($1,201,728.42) because they expended significant time and resources on a purely contingent basis under the common fund theory); *In

*re Terazosin Hydrocholoride Antitrust Litig.*, No. 1:99-md-01317-PAS, Doc. No. 1557 at 8-10 (S.D. Fla. Apr. 19, 2005) (awarding class counsel 33.3% of settlement fund in part because they prosecuted the action on a wholly contingent basis).

11. The attorneys' fees requested were entirely contingent upon success in this litigation. Class Counsel expended significant time and effort and advanced costs and expenses without any guarantee of compensation.

12. This Court approves the following service payments, to be paid from the Settlement Payment as set out in the Settlement Agreement: $12,500.00 will be awarded to Plaintiff, Jennifer Gonzalez, who asserted employment claims with the US EEOC that are being released as part of this settlement; $12,500.00 will be awarded to Plaintiff, Aidiliy Mizrachi, who asserted employment claims and intended to file with the US EEOC, that is being released as part of this settlement; and Plaintiff, Dawn Jordan will receive $5,000.00 for her share of the Service Awards. The service payments are in recognition of the Class Representative Plaintiffs' active participation in this action and service to the settlement Class, as well as the risks they undertook for the benefit of the Class. These service payments are reasonable in light of the efforts these individuals expended in furthering the interests of the class. *David. v. Am. Suzuki Motor Corp.*, No. 08–CV–22278, 2010 WL 1628362, at *6 (S.D. Fla. Apr. 15, 2010) ("[T]here is ample precedent for awarding incentive compensation to class representatives at the conclusion of a successful class action.").

13. Defendants shall pay the total amount of the Qualified Class Members' claims totaling $37,000.00, service awards totaling $30,000.00, and Class Counsel's fees and costs totaling $33,000.00, as set out in the Settlement Agreement, within thirty (30) days after the

7

Effective Date, which is (1) thirty (30) days following entry of this Court's Final Order and Judgment approving the settlement if no appeal is taken of that Order; or (2) the Court's entry of a final order and judgment after resolution of any appeals..

14.     This case is dismissed with prejudice and without fees or costs to any party, except as ordered in Paragraph 13 above pursuant to the Parties' Settlement Agreement.  All Participating and Qualifying Class Members are barred and permanently enjoined from participating in any other individual or class lawsuit against the Releasees concerning the Released Claims, as defined in Section 5 of the Settlement Agreement.

15.     Without affecting the finality of this Judgment and Order, the Court reserves continuing and exclusive jurisdiction over parties to the Settlement Agreement to administer, supervise, construe, and enforce the Settlement Agreement in accordance with its terms for the mutual benefit of the parties.

16.     The Parties having so agreed, good cause appearing, and there being no just reason for delay, it is expressly directed that this Final Judgment and Order be, and hereby is, entered as a final order.

DONE AND ORDERED in Chambers at Miami, Florida this _____ day of _____, 2017.

_____
HONORABLE DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

Copies provided to:
All Counsel of Record